UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MASTER,<br><br>        Petitioner,<br><br>v.<br><br>SHERIFF OF SANTA CLARA COUNTY,<br><br>        Respondent. | Case No. 25-cv-11057-RFL<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 1, 2 |

      Petitioner, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is awaiting trial in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

      The petition is DISMISSED on *Younger* abstention grounds. The petition is also DISMISSED as duplicative of an earlier filed petition, *Master v. Gissible*, Case No. 25-cv-3007 RFL. *See Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (a district court has discretion to control its own docket, and that includes the power to dismiss duplicative actions), *overruled on other grounds*, *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

**STANDARD OF REVIEW**

      Under principles of comity and federalism, a federal court may not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances (such as bad faith or harassment). *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Nor may a federal court interfere in state civil proceedings that "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and

judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 593-94 (2013)). In sum, *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

## DISCUSSION

### I. PRIOR PETITION

In his prior case, Petitioner alleged the following facts: He was awaiting trial in Santa Clara County. Three days before trial was to commence, his public defender declared him incompetent without an evaluation. (Case No. 25-cv-3007, Dkt. No. 1 at 2.) An evaluation later found him competent, but the trial court ignored this evaluation, and as a result Petitioner was subject to an outpatient mental health diversion program for eight months. (Dkt. No. 1-2 at 6; Dkt. No. 9-1 at 1.) However, there was no treatment in the program and no diagnosis, and Petitioner had been denied his trial. (Dkt. No. 1-2 at 6.) At some point, Petitioner spent 21 days incarcerated by the trial court, in retaliation for his protected political speech. (Dkt. No. 1-2 at 14). Petitioner contended that without this Court's intervention, he faced a new threat of remand by the trial court. (Dkt. No. 9 at 4.) He contended that for eight months he had been in legal limbo with no mental health diagnosis, no forensic incompetency finding, no trial, and no opportunity to challenge the evidence used to deprive him of his liberty. (Dkt. No. 1-2 at 15). He stated that his public defender was providing ineffective assistance, and the trial court was retaliating against him for his political speech. (Dkt. No. 1-2 at 13-14.) He asked this Court to dismiss all criminal charges, order the recusal of the state judges, schedule an evidentiary hearing on the judicial misconduct, and restore his liberty and right to a jury trial. (Dkt. No. 1 at 4.)

On October 30, 2025, the Court dismissed the action because Petitioner had not shown that there were extraordinary circumstances sufficient to overcome *Younger*'s admonition to

abstain. (Dkt. No. 29 at 3-4.) His state proceedings were ongoing, and he was represented by counsel in his state proceedings where he could raise any claims regarding federal constitutional violations. (*Id*.) Many of his other numerous requests for relief were not within the Court's jurisdiction. (*Id*. at 3.)

## II.  NEW PETITION

The new petition was filed on December 29, 2025. Petitioner alleges the following facts: While he does not appear to be in detention, he is in custody due to compulsory supervision and the arrest authority of Santa Clara County. (Dkt. No. 1 at 6.) He contends that he is subject to supervision absent a conviction. (*Id*. at 8.) He was arrested and taken into custody without a warrant or indictment. (*Id*. at 14.) He states that his criminal prosecution stems from a civil contempt proceeding. (*Id*. at 21.) He also states that he was evicted and is homeless due to state court-imposed conditions and he is subject to a ten-year courthouse ban. (*Id*. at 9.)

Petitioner objects to rulings by the trial court and the tactics of his counsel. (*Id*. at 19.) Counsel refused to pursue trial and declined to file motions for a change of attorneys or self-representation. The trial court barred Petitioner from submitting filings *pro se*. (*Id*.) For relief, Petitioner seeks for the Court to order him released from custody, terminate all supervision requirements, void all arrest warrants, void the courthouse ban, and expunge his information from several state databases. (*Id*. at 26-27.)

Petitioner's claims and allegations in the instant petition are substantially similar to those presented in his prior petition. Accordingly, the petition is dismissed as duplicative. To the extent he raises new claims, he is again barred from proceeding pursuant to *Younger*. None of his allegations justify this Court's intervention. His state proceedings are ongoing, and he is represented by counsel in his state proceedings where he can raise any claims regarding federal constitutional violations. While he disagrees with the choices his counsel has made, this does not qualify as an exceptional circumstance.

Furthermore, relief from the order barring his entering state courthouses, or expunging information from state databases, is not a form of relief available through a habeas petition.

Release from incarceration and constructive custody (such as parole and probation restrictions) are the only relief available. As of now, Petitioner's custody and the other conditions placed upon him do not present extraordinary circumstances.

## CONCLUSION

The motion to proceed in forma pauperis (Dkt. No. 2) is GRANTED. This federal habeas action is DISMISSED as duplicative and pursuant to *Younger*.

The Clerk shall terminate all pending motions, enter judgment in favor of Respondent, and close the file.

**IT IS SO ORDERED.**

Dated: January 7, 2026

RITA F. LIN
United States District Judge